UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                          Case No. 3:07-cr-139/MCR

MICHAEL STEPHEN JOHNSON
_____/

### ORDER OF DETENTION

Pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, the Court held a detention hearing in this matter on August 30, 2023. Appearing for the Government was Rebecca Garvey. Appearing for the Defendant was Donald Sheehan.

**I.  Background**

Defendant was sentenced on March 27, 2008 on one count of bank robbery to 156 months' incarceration followed by three (3) years of supervised release. Defendant's supervised release began on May 5, 2021. On June 28, 2023, a summons was issued for Defendant and revocation proceedings initiated based on a petition by the US Probation Office ("USPO") notifying the Court Defendant had tested positive for controlled substances (amphetamine and methamphetamine) on five (5) occasions[1] and also failed to report for drug testing on June 16, 2023.

Defendant appeared before the undersigned on his initial appearance on the revocation proceedings July 11, 2023 and admitted to having used a controlled substance. The Government did not move for detention at that time and Defendant was released under the existing terms and conditions of his supervised release.

On August 16, 2023 pretrial revocation proceedings were initiated after Defendant tested positive, once again, for methamphetamines and marijuana. Defendant admitted to that use. Defendant appeared before the Court on August 25, 2023, for his initial appearance on those pretrial revocation proceedings and a

---

[1] Defendant admitted to using a controlled substance on each of those occasions except for one. However, lab results confirmed the one denial from March 25, 2022.

detention hearing was set for August 30, 2023. Defendant tested positive for methamphetamines on August 25, but denied use. As of this date, the lab results for that test have not been received by USPO.

The Government has moved for revocation of the release conditions and for detention pursuant to 18 U.S.C. § 3148(b).

## II. Analysis

Under 18 U.S.C. § 3148(b), revocation and detention are mandated if the Court finds there is (1)(A) probable cause to believe the Defendant has committed a Federal, State, or local crime while on release; or (1)(B) clear and convincing evidence that the person violated any other condition of release; **and** (2)(A) there are no conditions or combination of conditions of release, considering the factors set forth in section 3142(g), that will ensure the Defendant will not flee or pose a danger to the safety of any other person or the community; or (B) the person is unlikely to abide by any condition or combination of conditions of release.

The undersigned finds that the first part of section 3148(b) is satisfied given Defendant's drug admissions.

As to the second part of section 3148(b), the Court finds that both subsections (2)(A) and (2)(B) have been met. Defendant asks that the Court continue him on existing conditions and add home detention. The first problem with this request is the existing conditions are clearly not working to either deter or prevent Defendant from continuing to abuse controlled substances. Defendant is already being tested and he is already receiving treatment.

The second problem with this request is the Government has presented clear and convincing evidence, namely undisputed text messages from Defendant to USPO Garrison, that Defendant's daughter is or was supplying him with methamphetamines. Yet, Defendant asks to be released to home detention or on a GPS to live with his mother *and* daughter. Moreover, while the Defendant proffered he could live with his mother, USPO Garrison testified her understanding from her last conversation with the mother is Defendant could not reside with her. Of additional concern to the Court is Defendant not only reported getting methamphetamines from his daughter, but he also reported having engaged in a physical altercation with her where she hit him repeatedly. This is simply not a

viable release plan and certainly not one that would ensure Defendant would not be a danger to another person, or himself.

The Court also finds the Government has shown by a preponderance of the evidence Defendant is unlikely to abide by any conditions of release.  *See e.g., United States v. Aron*, 904 F.2d 221, 224 (5th Cir. 1990); *United States v. Gotti*, 794 F.2d 773, 778 (2d Cir. 1986).  Defendant has admitted to using controlled substances on at least seven (7) occasions, two of which occurred *after* he was released by this Court.

This Court certainly understands the defense's argument that incarceration may not be the way to resolve a drug addiction, particularly one combined with mental illness.  But, taking no action or holding Defendant completely unaccountable is also not the answer.  This Court will not simply continue to turn a blind eye to unabated violations.  If this Court were to do that, then placing a defendant on pretrial release or supervised release would be a mockery.  At some point, Defendant must take account of his decisions.  He cannot simply say "I'm going to therapy" and expect that to be enough.  He must also take efforts to take himself out of circumstances which impair his ability to fight his addiction.

For the reasons set forth above, Defendant is committed to the custody of the Attorney General or her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of any attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Entered on August 30, 2023

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:07-cr-139/MCR